IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL RAY MITCHELL, | ) Case No. 11-752 SC |
| Plaintiff, | ) ORDER RE: MOTIONS |
| v. | ) |
| ACUMED, LLC; and DOES 1 through 100, inclusive, | ) |
| Defendants. | ) |

## I. INTRODUCTION

Plaintiff Randall Ray Mitchell ("Plaintiff") commenced this action in Marin County Superior Court against Acumed, LLC ("Defendant"), pleading eight causes of action relating to injuries Plaintiff allegedly sustained after a device manufactured by Defendant was surgically inserted into his body. ECF No. 1 ("Notice of Removal") Ex. E ("FAC"). Three fully briefed motions are now before the Court. Plaintiff moves to remand the case to state court. ECF Nos. 19 ("MTR"), 25 ("MTR Opp'n"), 28 ("MTR Reply"), 35 ("MTR Supp. Opp'n"), 36 ("MTR Supp. Reply").[1] Defendant moves to dismiss Plaintiff's FAC. ECF Nos. 7 ("MTD"), 23 ("MTD Opp'n"), 30 ("MTD Reply"). Defendant additionally moves to

---

[1] The Court required supplemental briefing on Plaintiff's MTR. ECF No. 32.

strike references in the FAC to the allegedly defective design of Defendant's device. ECF Nos. 8 ("MTS"), 24 ("MTS Opp'n"), 31 ("MTS Reply").  For the following reasons, the Court DENIES Plaintiff's Motion to Remand, GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss, and GRANTS Defendant's Motion to Strike.

**II.  BACKGROUND**

As it must on a Federal Rule of Civil Procedure 12(b)(6) motion, the Court assumes the truth of the well-pleaded facts in Plaintiff's' FAC.  Around January 2, 2008, Plaintiff underwent surgery.  FAC ¶ 7.  During the procedure, an Articulating Scaphoid Lunate Fixation device ("the device") was implanted into his wrist. Id.  Subsequent X-rays revealed that the device had fractured, necessitating removal of the device and additional surgery.  Id. ¶¶ 7, 14.  Plaintiff alleges in his FAC that Defendant "design[ed], research[ed], develop[ed], manufacture[d], test[ed], market[ed], advertise[d], promote[d], distribute[d], warrant[ed] and [sold]" the device.  Id. ¶ 8.  Plaintiff alleges that Defendant knew at the time of Plaintiff's surgery that it was unsafe and defective because it "could not withstand the stresses placed as a patient's mobility increased and would fracture and break under the stresses that foreseeably accompanied increased mobility while bone union and growth . . . was occurring in patients." Id. ¶ 10.  Plaintiff alleges that Defendant falsely represented the strength and use of the device in brochures provided to Plaintiff's doctors, and that Defendant failed to disclose that the device would fracture.  Id. ¶ 11.  Plaintiff claims that Defendant represented the device to be "safe and effective even when used as directed [even though] no

2

clinical trials had been done supporting long or short-term efficacy." Id. ¶ 12. Plaintiff claims that Defendant concealed known risks about the device, and failed to provide sufficient warnings and instructions that would have put the general public on notice of the possibility of dangers and adverse effects. Id. ¶ 13, 15. Plaintiff argues that at the time of Plaintiff's surgery, it was "reasonably scientifically knowable" that the device would fracture and break, and hence Defendant acted with malice in failing to warn the public of this danger. Id. ¶ 21.

On January 4, 2010, Plaintiff filed his Initial Complaint in California Superior Court for the County of Marin. See Notice of Removal Ex. A ("Initial Complaint"). In his Initial Complaint, Plaintiff did not plead the state citizenship of Plaintiff or Defendant. Defendant was served with the Initial Complaint on August 12, 2010. Notice of Removal at 3. Defendant demurred on September 13, 2010; on December 29, 2010, the court sustained the demurrer, giving Plaintiff leave to amend his complaint. Id. at 3-4. On January 28, 2011, Plaintiff filed his First Amended Complaint in state court. See FAC. Included in the FAC was a section entitled "Identity and Capacity of Parties" in which Plaintiff pleaded that he was a resident of California. Id. ¶¶ 3-6. Plaintiff also named sixty Doe Defendants, writing: "Plaintiff is informed and believed that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were and continue to be proximately caused by such occurrences." Id. ¶ 4. Plaintiff brings eight causes of action against Defendant and Doe Defendants: (1) strict product liability -- failure to warn; (2)

3

strict liability; (3) negligence; (4) breach of implied warranty; (5) breach of express warranty; (6) fraud; (7) fraud by concealment; and (8) negligent misrepresentation. See FAC.

On February 18, 2011, Defendant removed the action to federal court. See Notice of Removal. Defendant based removal on diversity of the parties, noting that the FAC identified Plaintiff as a citizen and resident of California while alleging that Defendant is a Delaware corporation with its principal place of business in Hillsboro, Oregon. Id. at 2.

### III. LEGAL STANDARDS

#### A. Motion to Remand

Any civil action brought in a state court may be removed to federal court if there is complete diversity of citizenship and where the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441. As a general rule, the court must strictly construe the removal statute, "and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Id. (internal quotations omitted).

#### B. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and sufficiently plausible such that "it is not unfair to require the opposing party to be subjected to the expense of discovery."  Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).

  **C.** **Motion to Strike**

  Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are generally regarded with disfavor.  Ganley v. County of San Mateo, No. 06-3923, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007).  The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

**IV. DISCUSSION**

    **A.    Plaintiff's Motion to Remand**

While Plaintiff does not challenge the state citizenship of Defendant or the satisfaction of the amount-in-controversy, he makes two arguments in favor of remanding the action to state court. First, he argues that Defendant filed the Notice of Removal more than thirty days after Defendant was served with the Initial Complaint, and thus Defendant's removal was untimely under 28 U.S.C. § 1446(b). Second, he argues that remand is proper because he intends to join a non-diverse Doe defendant. See MTR.

Under 28 U.S.C. § 1446(b),

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Plaintiff argues that Defendant "was aware of the circumstances surrounding the allegations of the original complaint as early as January 2010," and hence Defendant's February 2011 removal was beyond the thirty-day removal period provided by § 1446(b). Id. at 4.

Defendant counters that Plaintiff did not plead his citizenship in the Initial Complaint, and the first time Plaintiff's citizenship was pleaded was in the FAC filed January 28, 2011. MTR Opp'n at 2-3. Defendant argues that as such, the thirty-day deadline for removal was not triggered until the FAC was filed, and so removal was timely. Plaintiff responds that

6

1 Defendant should have surmised Plaintiff's citizenship from the
2 facts alleged in the Initial Complaint -- namely, that Plaintiff
3 underwent surgery in San Rafael, California. Reply at 2.
4 Plaintiff writes: "Patients on a Kaiser plan rarely travel out of
5 their area for common medical services and there is no indication
6 so far that Kaiser San Rafael was or is a Mecca for wrist surgery
7 at the time of surgery." Id.

8 "[N]otice of removability under § 1446(b) is determined
9 through examination of the four corners of the applicable
10 pleadings, not through subjective knowledge or a duty to make
11 further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689,
12 694 (9th Cir. 2005). Defendant could not have known from the
13 location of the hospital where Plaintiff's surgery took place that
14 Plaintiff was a California resident. Therefore, Plaintiff's first
15 argument fails.

16 Plaintiff's second argument is that the action should be
17 remanded because Plaintiff intends to join a non-diverse Doe
18 defendant, defeating diversity. MTR at 7. Defendant calls this
19 "nothing more than a thinly disguised attempt to defeat diversity
20 jurisdiction," and notes, "Plaintiff has cited to no case law which
21 allows a court to consider a prospective defendant in determining
22 whether to remand." MTR Opp'n at 4.

23 The Court finds this argument to fail as well; the Court looks
24 to the pleadings, not the speculation of the parties, to determine
25 whether removal was proper, and finds that removal was proper here.

26 The Court ordered supplemental briefing on this motion in
27 light of language within 28 U.S.C. § 1446(b) prohibiting removal on
28 the basis of diversity jurisdiction more than one year after

7

commencement of the action.  ECF No. 32.  Defendant argued that this was a procedural limitation and challenged both its applicability and what it perceived as the Court's sua sponte raising of it.  MTR Supp. Opp'n at 1-2.  Defendant argued that § 1446(b)'s one-year bar "only bars removal of actions which were not originally removable," and claims that while the Initial Complaint failed to put Defendant on notice of Plaintiff's California citizenship, it did not change the "underlying fact that Plaintiff was a resident of California."  Id. at 3.  Plaintiff used his supplemental brief to restate law cited by the Court and the arguments made in his MTR.

The Court is persuaded by Defendant, and finds removal of this action to be timely and proper.  Accordingly, Plaintiff's MTR is DENIED.

### B.   Defendant's Motions to Dismiss and Strike

In its MTD, Defendant argues that Plaintiff's two strict liability claims fail to state a claim upon which relief can be granted because "claims of design defect of an implantable medical device" are barred by law.  MTD at 1.  Defendant also argues that Plaintiff's sixth and seventh claims sound in fraud and are not pleaded with the required specificity.  Id.

#### 1.   Design Defects

In California, it has long been the law that implanted medical devices are exempted from strict liability for design defects. Brown v. Super. Ct., 44 Cal. 3d 1049, 1069 (1988); Artiglio v. Super. Court, 22 Cal. App. 4th 1388, 1393 (Ct. App. 1994). Plaintiff's response is that the present case is factually distinguishable because it involves a "surgical screw," whereas

8

Brown involved a drug taken internally and Artiglio involved breast implants. MTD at 3. The Court finds Plaintiff's argument to be wholly devoid of merit; Plaintiff makes no logical argument that Brown and Artiglio should not cover the surgical screw at issue here. Because Plaintiff's first and second claims still recite valid strict liability claims premised on Defendant's failure to warn or a manufacturing defect, the Court does not dismiss them in their entirety. Rather, it DISMISSES, with PREJUDICE, any cause of action premised on defective design of the device. Likewise, it STRIKES all references to the allegedly defective design of the device as immaterial under Rule 12(f).

   2. Fraud Claims

  Defendant additionally argues that Plaintiff has failed to plead his fraud claims with the requisite specificity. See MTD at 1. Where plaintiffs allege fraud, or conduct that is sufficiently "grounded in fraud," they must plead their claim with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiffs must include "the who, what, when, where, and how" of the fraud. Vess, 317 F.3d at 1106 (citations omitted). A plaintiff satisfies the particularity requirement only if his or her allegations are "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotation marks omitted).

Plaintiff does not argue that his fraud claims satisfy Rule 9(b) -- rather, he requests leave to amend his complaint. Defendant argues that if the Court allows Plaintiff to amend its FAC, Defendant "will be severely prejudiced because it will be forced to engage in further motion practice before the court, incurring additional fees and costs to strike baseless and frivolous claims." Reply at 3.

The Court finds Plaintiff's fraud claims to be extremely poorly pleaded. Plaintiff fails to identify the "who, what, when, where," or "how" of the alleged fraud. Nor does he allege facts in his MTD Opposition that would tend to support his fraud claims. For these reasons, the Court DISMISSES Plaintiff's claims for fraud and fraudulent concealment WITHOUT PREJUDICE. However, because Plaintiff has made no attempt to justify his fraud claims, the Court does not grant Plaintiff leave to amend his Complaint at this time. Should Plaintiff desire to amend his Complaint to include claims sounding in fraud, he must first seek leave of the Court. Should Plaintiff amend his FAC to include "baseless and frivolous claims," he will face appropriate sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and/or the Court's inherent authority.

///
///
///
///
///
///
///

10

## V. CONCLUSION

For the foregoing reasons, Plaintiff Randall Ray Mitchell's Motion to Remand is DENIED. Defendant Acumed, LLC's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Court DISMISSES WITH PREJUDICE any strict liability cause of action premised on design defect and DISMISSES WITHOUT PREJUDICE Plaintiff's sixth and seventh causes of action for fraud and fraud (concealment). Defendant's Motion to Strike is GRANTED: the Court STRIKES all references in Plaintiff's FAC to the allegedly defective design of the Articulating Scaphoid Lunate Fixation device.

IT IS SO ORDERED.

Dated: June 13, 2011



UNITED STATES DISTRICT JUDGE