1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RANDALL RAY MITCHELL,<br><br>                          Plaintiff,<br><br>          v.<br><br>ACUMED, LLC,<br><br>                          Defendant. | Case No. 11-cv-00752 SC (NC)<br><br>**ORDER GRANTING MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 43, 56 |

        Defendant Acumed moves for evidentiary, issue, terminating, and monetary sanctions under Federal Rule of Civil Procedure 37 after the Court granted its motion to compel discovery responses.  Acumed has provided evidence that it attempted in good faith to obtain the discovery without court action as required under the local rules.  The Court GRANTS the motion for sanctions and awards Acumed its reasonable attorneys' fees incurred in bringing the motion to compel and the motion for sanctions in the total amount of $10,000.00.  The request for evidentiary, issue, or terminating sanctions is DENIED, as the Court finds that plaintiff's tardiness was not in bad faith and that Acumed has not been prejudiced by the delay.

///

# I. BACKGROUND

Plaintiff Mitchell filed his original complaint against Acumed in California Superior Court, Marin County, pleading eight causes of action relating to injuries plaintiff allegedly sustained after a device manufactured by Acumed was surgically inserted into his body. Ntc. Removal, Ex. E, Dkt. No. 1. Acumed removed the action to federal court on February 18, 2011. *Id.*

On August 12, 2011, plaintiff's counsel, J. Frank George, advised defense counsel that due to continuing medical issues, he intended to associate in attorney Robert Ingram. Mot. Sanctions at 1, Dkt. 56. Attorney Ingram filed his appearance for plaintiff, styled as "Association of Counsel," on August 23, 2011. Dkt. No. 40.

On September 21, 2011, Acumed served requests for production of documents, interrogatories, and requests for admission. Mot. Compel at 7, Dkt. No. 43. Plaintiff repeatedly sought extensions of time to respond, which Acumed granted. *Id.* Despite these numerous extensions, plaintiff failed to serve any response to written discovery and failed to appear at both his scheduled deposition and requested medical examination. *Id.* at 9-10. Plaintiff's counsel also canceled all scheduled third party witness depositions. *Id.* at 10-12.

Having received no response to the discovery requests by the deadline, Acumed filed a motion to compel on December 18, 2011 and a related motion for sanctions on December 29, 2011. Dkt. Nos. 43,56. The District Court referred Acumed's motion, and all further discovery motions, to this Court under Civil Local Rule 72. Dkt. No. 45.

Acumed seeks issue, evidentiary, terminating, and monetary sanctions against plaintiff and his counsel. Mot. Sanctions at 9. Plaintiff's oppositions to the respective motions were due January 3 and January 12, 2012; none was filed. On January 4, 2012, the Court issued a notice requiring plaintiff to file a discovery status conference statement by January 18. Dkt. No. 59. Plaintiff and his counsel failed to comply with this order. The Court then issued an order to show cause directed to plaintiff's counsel, Robert Ingram, why sanctions should not be imposed against plaintiff and his counsel for

1  their failure to comply with court orders. Order Show Cause, Dkt. No. 65. At the

2  January 25 hearing on Acumed's discovery motions and Order to Show Cause, Mr.

3  Ingram, only, appeared for plaintiff. The Court granted Acumed's motion to compel and

4  took the motion for sanctions under submission. Min. Order, Dkt. No. 68.

## II. STANDARD OF REVIEW

6       Federal Rule of Civil Procedure 37 provides that if a motion to compel discovery

7  is granted, or if the requested discovery is provided after the motion was filed, the court

8  must require the party whose conduct necessitated the motion, or the attorney advising

9  the conduct, or both, to pay for the movant's reasonable expenses incurred in making the

10 motion, including attorneys' fees. FED. R. CIV. P. 37(a)(5)(A). Rule 37 clarifies that the

11 court "must not order this payment" if the opposing party's nondisclosure was

12 "substantially justified" or circumstances exist that "make an award of expenses unjust."

13 FED. R. CIV. P. 37(a)(5)(A)(ii)-(iii). A party that fails to respond to interrogatories,

14 request for inspection or attend his own deposition may also incur evidentiary, issue, and

15 even terminating sanctions. FED. R. CIV. P. 37(d).

16      Civil Local Rule 37-4 requires a party seeking sanctions, including an award of

17 attorneys' fees, in connection with a dispute about disclosure or discovery under Rule 37

18 to file a declaration (1) stating the facts and circumstances supporting the motion, (2)

19 describing the party's efforts to secure compliance without court intervention, and (3)

20 providing itemized billing records that relay the unnecessary expenses incurred due

21 directly to the other party's violation. Civil L.R. 37-4(b). The moving party must also

22 provide appropriate justification for the hourly rates claimed. *Id.*

## III. DISCUSSION

24      There are four distinct sanctions issues before the Court: whether issue sanctions

25 are proper; whether evidentiary sanctions may be imposed; whether terminating

26 sanctions are appropriate; and whether monetary sanctions in the form of attorneys' fees

27 and costs are warranted.

28

## A.   Acumed Not Entitled to Evidentiary, Issue, or Terminating Sanctions

Acumed alleges that Plaintiff's inaction and lack of involvement in the discovery process has prejudiced and substantially impeded Acumed's ability to defend itself. Mot. Sanctions at 9. Acumed further asserts that plaintiff has not shown substantial justification for his failure to respond to discovery and that no circumstances exist to make an award of expenses unjust. *Id.* at 11. Acumed accordingly seeks: (1) issue sanctions establishing the Acumed devices implanted in plaintiff's wrist were not defective, that Acumed's warnings were adequate, that Acumed did not breach any warranties, and that Acumed was not negligent in any manner; (2) evidentiary sanctions that plaintiff be precluded from presenting any evidence at trial that contradicts any of the matters admitted due to plaintiff's failure to respond to Acumed's request for admissions; and (3) terminating sanctions dismissing plaintiff's claim in its entirety based on discovery violations. Mot. Sanctions at 12-16.

Dismissal, default judgment, and sanction orders taking the plaintiff's allegations as established and awarding judgment on that basis are "the most severe penalty," and are authorized only in "extreme circumstances." *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988) (citing *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1338 (9th Cir. 1985)). To justify the imposition of such a harsh sanction, the court must find the violations were "due to willfulness, bad faith, or fault of the party." *Id.* at 603.

While the Court in no way condones the plaintiff's, or his counsel's, conduct during the course of discovery, plaintiff's inaction here does not constitute "extreme circumstances" to warrant issue, evidentiary, or terminating sanctions. *See id.* (failure to appear at deposition not "extreme circumstance" to warrant terminating sanctions). Nor does the Court find that plaintiff, or his counsel, acted in bad faith as Plaintiff's counsel, Mr. George, was ill and undergoing medical treatment out of state. Finally, the Court does not find that the late production of the documents, responses to interrogatories, and responses to requests for admission has resulted in any prejudice to Defendant, other

1    than attorneys' fees unfairly incurred.  The District Court granted the parties' joint

2    motion to continue the trial and related pretrial deadlines.  Dkt. No. 60.  Accordingly,

3    Acumed's request for evidentiary, issue, and terminating sanctions is DENIED.

4    **B.    Attorneys' Fees and Costs**

5            The only question remaining is whether any monetary sanctions should issue.

6    Acumed seeks its attorneys' fees for filing the underlying motion to compel, the motion

7    to continue trial, and the currently pending motion for sanctions.  Mot. Sanctions at 11.

8    The Court has authority to issue monetary sanctions under Rule 37(a)(5) (for the

9    underlying motion to compel) and Rule 37(b) (for the currently pending motion for

10   sanctions).  FED. R. CIV. P. 37(a)-(b).  Under both rules, reasonable attorneys' fees are to

11   be awarded unless the nonmoving party's actions were substantially justified or there are

12   other circumstances that would make an award unjust.  FED. R. CIV. P. 37(a)-(b).

13           Acumed seeks monetary sanctions in the total amount of $23,187.00.  Mot.

14   Sanctions at 11.  Specifically, Acumed seeks $11,005.50 for attorneys' fees relating to

15   the motion to compel; $6,001.50 for attorneys' fees incurred relating to the motion to

16   continue trial; and $6,180.00 for attorneys fees' incurred relating to the motion for

17   sanctions.  *Id.*

18           With respect to all three motions, neither plaintiff's nor his counsel's actions were

19   substantially justified.  Though Mr. George has been undisputably dealing with serious

20   medical issues, Mr. Ingram appeared as counsel for plaintiff prior to issuance of any

21   discovery requests.  *See* Mot. Sanctions at 7-8.  Ingram was provided all discovery

22   requests, served with all court orders, and copied on all related correspondence.  Millier

23   Decl. at ¶¶ 4-5, Dkt. No. 44.

24           Under the Standard of Professional Conduct set forth in Civil Local Rule 11-4,

25   Mr. Ingram had an obligation to comply with Court Rules, discharge his duties to his

26   client, and to practice with honesty, care and decorum.  By waiting until January 25,

27   2012 to respond to the mounting discovery failures, Mr. Ingram failed his obligations to

28   the Court and his client.

Case No. 11-cv-00752 SC (NC)                5
Order re: Motion for Sanctions

1    Most notably, plaintiff failed to provide any discovery responses until after the
2    Court granted Acumed's motion to compel. The Court also finds that there are no
3    circumstances that would make an award of attorneys' fees to Acumed unjust. One
4    counsel's medical condition does not excuse his co-counsel and plaintiff from failing to
5    abide by their discovery obligations and the orders of this Court. Nor does Mr. Ingram's
6    understanding that he was only to "back up" Mr. George (Dkt. No. 66 at 1), constitute a
7    cognizable excuse under Rule 37. Accordingly, the Court grants Acumed reasonable
8    attorneys' fees relating to filing the motion to compel, motion to continue trial, and
9    motion for sanctions.

10    The Court finds, however, that the amount of fees requested is excessive.
11    Acumed asks for more than $11,000 for the underlying motion to compel, representing
12    50.3 hours of work, approximately $6,000 for the motion to continue trial, representing
13    27.9 hours of work, and approximately $6,000 for the motion for sanctions, representing
14    28 hours of work. Aney Decl. at 6-7, Dkt. No. 58. Acumed provides proper justification
15    for counsels' hourly rates. *See id.* Counsel's brief statement as to the number of hours
16    allegedly spent drafting the motions and related documents does not meet the itemization
17    and particularity standards set forth in Local Rule 37-4. *See* Local Rule 37-4(b)(3) ("If
18    attorney fees or other costs or expenses are requested, itemize with particularity the
19    otherwise unnecessary expenses, including attorney fees, directly caused by the alleged
20    violation or breach, and set forth an appropriate justification for any attorney-fee hourly
21    rate claimed.").

22    In addition, the Court notes that none of the motions are particularly complex; the
23    procedural history and factual background sections of all three motions are nearly
24    identical; the legal arguments are simple; and no substantive legal issues are raised in the
25    motions as Plaintiff had simply failed to respond to discovery. *See* Mot. Compel; Mot.
26    Sanctions; Mot. Continue Trial. Additionally, given that Plaintiff filed no opposition to
27    either motion, Defendants' replies to the motion to compel and motion for sanctions
28    were redundant and superfluous. Accordingly, the Court awards Acumed $10,000.00 in

1  fees for all work conducted on the motion to compel, the motion to continue trial, and

2  the motion for sanctions, including appearance at the hearing.

### IV.  CONCLUSION AND ORDER

4         The Court GRANTS Defendant's motion for monetary sanctions in the amount of

5  $10,000.00.  Plaintiff and his counsel are jointly and severally liable for payment.

6  Plaintiff and his counsel shall pay this amount to Acumed no later than May 30, 2012.

7         Any party may object to this nondispositive pretrial order within 14 days of this

8  Order.  *See* Civil Local Rule 72-2.

9         IT IS SO ORDERED.

DATED: March 8, 2012

NATHANAEL M. COUSINS
United States Magistrate Judge